UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 5:23 CR 430 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| TRAVIS L. RICHARDSON, SR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Travis Richardson's Motion for Bond. (ECF #9). The Government filed a Response in Opposition. (ECF #10).

An Indictment was filed against Mr. Richardson on August 9, 2023, charging him with being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§922(g)(1) and 924 (a)(2). (ECF #1). He was arrested on August 11, 2023 and arraigned the same day. The Court ordered Mr. Richardson detained. (ECF #6).

Mr. Richardson now seeks to modify his detention order to allow him to be released on a combination of conditions including GPS monitoring or home confinement. He seeks release in order to continue his employment and to assist in the care of his mother and his eight year old daughter pending sentencing. He also cites health issues and a prior history of appearing for court proceedings and reporting to jail when ordered.

The Bail Reform Act requires detention upon a finding that "no condition or combination

of conditions will reasonably assure the appearance of the person. . . and the safety of any other person and the community." 18 U.S.C. §3142(e)(1). In order to justify detention, an inability to reasonably assure the safety of any person and the community must be shown by clear and convincing evidence. *See United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). A risk of flight can be established by a preponderance of the evidence. *Id.* If there are no conditions of release sufficient to eliminate the defendant's risk of flight and danger to the community, then the court is required to order the defendant detained pending trial. 18 U.S.C. §3142(e)(1).

Detention is permitted pursuant to 18 U.S.C. §3142(f)(1)(E) for "any felony that is not otherwise a crime of violence that involves. . . the possession or use of a firearm or destructive device..." In this case, Mr. Richardson is charged with being a felon in possession of a firearm, and is, thereby, subject to possible detention. Sub-section (g) of 18 U.S.C. §3142 sets forth the factors a court should consider when determining whether there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," or whether detention is warranted. These include:

  (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

  (2)   the weight of the evidence against the person;

  (3)   the history and characteristics of the person, including –

    (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. §3142(g).

  Considering these statutory factors, the Government has demonstrated by clear and convincing evidence that there is no condition or combination of conditions that would ensure the safety of others or the community if Mr. Richardson were to be released on bond. Mr. Richardson is charged being a felon in possession of a firearm. The firearm was discovered submerged in the toilet tank during a parole search of his residence. It was loaded with a high-capacity magazine containing seventeen rounds of ammunition. Mr. Richardson admitted to his ownership of the firearm, and admitted that he knew he was not allowed to possess the weapon due to his prior felony convictions. He was also found guilty of violating his parole on a prior case as a result of his charged actions in this case. Thus, the nature of the crime suggests a serious danger to others and the community, and the evidence against him is strong.

  Mr. Richardson does have some characteristics such as his family ties, lack of resources, prior history of appearances, and his health conditions, that might, in other circumstances, weigh in favor of bond. However, the great majority of evidence shows that his characteristics and

3

history weigh very strongly against it. Mr. Richardson is 39 years old and is known to have a longstanding association with a violent criminal gang in City of Canton. He has a long criminal history that has been on-going since he was nineteen years old. He has mulitple prior felony convictions for possession and trafficking cocaine and heroin. He has multiple domestic violence convictions, and has a previous conviction for Having a Weapon While Under Disability. He has been in and out of prison since 2005. Further, even after he was arrested for a parole violation stemming from his possession of the firearm at issue in this case, he was convicted of Domestic Violence. He has repeatedly violated the terms of his probation which suggests that he is not amenable to following any requirements that would be imposed as a condition of release.

    With his history of gang affiliation, drug possession and trafficking, domestic abuse, and illegal possession of guns and ammunition, all of which has been undeterred by prior convictions, periods of incarceration, and conditions of probation, the Court finds that there is clear and convincing evidence to show that there is no condition of combination of conditions that could adequately protect individuals and the community from danger if Mr. Richardson were to be released pending trial. Mr. Richardson's Motion for Bond is, therefore, DENIED. (ECF #9). IT IS SO ORDERED.

DATED August 22, 2023

DONALD C. NUGENT
United States District Judge